UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:04-CV-0641JM |
| v. ) | |
| ) | |
| MICHAEL BOOKS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

Anthony Jones, represented by counsel, submitted a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

Mr. Jones says he was denied appropriate medical treatment for diabetes, and that as a result he suffered physical and mental pain. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Mr. Jones says it was Dr. Ranochak, Sheriff Books, and the nurses named in his complaint who caused him to be in pain. Giving Mr. Jones the benefit of the inferences to which he is

entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his denial of medical care claim against these defendants.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants in their personal capacity for damages on his claim that they denied him adequate medical care in violation of the Eighth Amendment;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshals service to effect service of process on the defendants, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

SO ORDERED.

ENTERED: August 15, 2005

                                            s/James T. Moody
                                           James T. Moody, Judge
                                           United States District Court